JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RICHARD ODEITUS | PENTAGROUP FINANCIAL, LLC |

| (b)   County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| (c)   Attorney's (Firm Name, Address, Telephone Number and Email Address)<br><br>Craig Thor Kimmel, Esquire<br>Kimmel & Silverman, P.C.<br>30 E. Butler Pike<br>Ambler, PA 19002<br>(215) 540-8888 | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED.<br><br>Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
         Plaintiff

☒ 3  Federal Question
         (U.S. Government Not a Party)

☐ 2  U.S. Government
         Defendant

☐ 4  Diversity
         (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
#### PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

#### PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

#### PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
         Proceeding

☐ 2  Removed from
         State Court

☐ 3  Remanded from
         Appellate Court

☐ 4  Reinstated or
         Reopened

☐ 5  Transferred from
         another district
         (specify)

☐ 6  Multidistrict
         Litigation

☐ 7  Appeal to District
         Judge from
         Magistrate
         Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____

DOCKET NUMBER _____

Explanation:

DATE   5-27-11

/S/ Craig Thor Kimmel

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _234 Roberts Avenue Horsham, PA 19044_

Address of Defendant: _5959 Corporate Drive, Ste 1400 Houston, TX 77036_

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases  _15 U.S.C. 1692_
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Craig Thor Kimmel_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _5-27-11_  _Craig Thor Kimmel_  _57100_

Attorney-at-Law  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _5-27-11_  _Craig Thor Kimmel_  _57100_

Attorney-at-Law  Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Richard Odertus                          :                    CIVIL ACTION
                          v.             :
Pentagroup Financial, LLC                :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for
plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of
filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse
side of this form.) In the event that a defendant does not agree with the plaintiff regarding said
designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on
the plaintiff and all other parties, a Case Management Track Designation Form specifying the track
to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

5-27-11                    Craig Thor Kimmel            Richard Odertus
Date                       Attorney-at-law              Attorney for

215-540-8888               877-788-2864                 Kimmel@creditlaw.com
Telephone                  FAX Number                   E-Mail Address

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD M. ODEITUS, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | |
| PENTAGROUP FINANCIAL, LLC, | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| Defendant | ) | |
| | ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

RICHARD M. ODEITUS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PENTAGROUP FINANCIAL, LLC ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction over the federal claims contained therein.

1

3.     Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.


## PARTIES

6.     Plaintiff is a natural person residing in Horsham, Pennsylvania, 19044.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     Defendant is a national debt collection company with its principal place of business located at 5959 Corporate Drive, Suite 1400, in Houston, Texas, 77036

9.     Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.


## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.   In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

3

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.     On or about July 20, 2010, Defendant sent correspondence to Plaintiff seeking and demanding payment of $6,373.39 on an alleged debt. See Exhibit A, Defendant's July 20, 2010, letter.

18.     Defendant's July 20, 2010, letter goes on to state, "If payment is not made in a timely manner, further activity may be instituted." See Exhibit A.

19.     Defendant's threat that further collection activity may be instituted was done to create a heightened sense of urgency in Plaintiff and to cause Plaintiff to remit payment on the alleged debt. See Exhibit A.

20.     Defendant's threat that further collection activity may be instituted, overshadows Plaintiff's rights to dispute the alleged debt and/or request verification of the alleged debt. See Exhibit A.

21.     Additionally, Defendant's notification to Plaintiff of his rights pursuant to §1692g of the FDCPA were misstated, in that Defendant's §1692g notification stated that, "this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor; however, §1692g of the FDCPA requires that the written notice contain

4

"a statement that, . . . the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." See Exhibit A.

22.     Defendant's use of the terms "original credit grantor" and "current credit grantor" do not comport with the requirements of the FDCPA and are confusing and misleading to the least sophisticated consumer, like Plaintiff, particularly in light of the fact that Defendant does not refer to any entities in its July 20, 2010, correspondence as "original credit grantor" or "current credit grantor," rather Defendant's letter refers to a "current creditor" and an "original creditor." See Exhibit A.

23.     Then, on August 27, 2010, Defendant sent Plaintiff a second letter seeking and demanding payment of $6,373.39 for an alleged consumer debt. See Exhibit B, Defendant's August 27, 2010, letter.

24.     In its letter, Defendant threatens Plaintiff, "We must assume more firm and direct collection action will be required to collect this past due obligation.  You can avoid further collection action by mailing the full balance to our office." See Exhibit B.

25.     Defendant's threats that further collection activity may be instituted and that more firm and direct collection is required were made to create a heightened sense of urgency in Plaintiff and to scare Plaintiff into making a payment on the alleged debt. See Exhibit B.

26.     Then, on September 30, 2010, Defendant sent Plaintiff a third collection letter seeking and demanding payment of $6,373.39 for an alleged consumer debt. See Exhibit C, Defendant's September 30, 2010, letter.

27.     Defendant's September 30, 2010, letter to Plaintiff is the same letter it sent to him on August 27, 2010. See Exhibits B and C.

28.     In its letter, Defendant threatens Plaintiff, "We must assume more firm and direct

5

collection action will be required to collect this past due obligation.  You can avoid further collection action by mailing the full balance to our office." See Exhibit C.

29.     Defendant's threats that further collection activity may be instituted and that more firm and direct collection is required were made solely to create a heightened sense of urgency in Plaintiff and to scare Plaintiff into making a payment on the alleged debt. See Exhibit C.

30.     To date, despite threats to the contrary, Defendant has not filed a lawsuit or taken other legal action against Plaintiff, thereby indicating it did not intend to take the action it threatened in its letters to Plaintiff.

31.     Defendant's collection letters to Plaintiff were confusing, deceptive, harassing and, misleading.

## CONSTRUCTION OF APPLICABLE LAW

32.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); and Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

33.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be

6

construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

34.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u> The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

35.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.    Defendant violated the FDCPA generally;

    b.    Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

    c.    Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

7

d. Threatening to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C § 1692e(5);

e. Using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, in violation of 15 U.S.C. § 1692e(10);

f. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

g. Failing to send the consumer written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §1692g(a);

h. Overshadowing Plaintiff's right to dispute the debt and/or request the name and address of the original creditor, in violation of 15 U.S.C. §1692g; and

i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, RICHARD M. ODEITUS, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

8

1

d.      Any other relief deemed appropriate by this Honorable Court.

2

3                              **DEMAND FOR JURY TRIAL**

4         PLEASE TAKE NOTICE that Plaintiff, RICHARD M. ODEITUS, demands a jury trial

5   in this case.

6                                    RESPECTFULLY SUBMITTED,

7                                    KIMMEL & SILVERMAN, P.C.

8

9   DATED: 5-27-11                   BY: CTK 3654

10                                   Craig Thor Kimmel
                                     Attorney ID # 57100
11                                   Kimmel & Silverman, P.C.
                                     30 E. Butler Pike
12                                   Ambler, PA 19002
                                     Phone: (215) 540-8888
13                                   Fax: (877) 788-2864
                                     Email: kimmel@creditlaw.com
14

15

16

17

18

19

20

21

22

23

24

25

9

PLAINTIFF'S COMPLAINT



# Pentagroup Financial, LLC

5959 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free: (800) 997-5339
Houston Local: (832) 615-2281

JULY   20TH, 2010

23124



S *****AUTO**MIXED AADC 350
25327-200/15047041080701947/1480    202·            26
RICHARD M ODBITUS

HORSHAM, PA 19044-2445

23124

| | | |
|---|---|---|
| RE: | Current Creditor: | CACH, LLC |
| | Original Creditor: | WAMU/PROVIDIAN BANK |
| | Current Balance Due: | $6,373.39 |
| | Current Account No.: | )1947 |
| | Original Account No.: | 3642 |

Dear RICHARD M ODBITUS:

Pentagroup Financial, LLC has been hired by the above referenced Current Creditor to contact you regarding the above referenced debt. Please be advised that the Current Creditor listed above has purchased the above referenced debt from the Original Creditor listed above. As of the date of this letter the Current Creditor's records indicate that the Balance Due remains unpaid.

If payment is not made in a timely manner, further collection activity may be instituted. Your prompt attention to this matter will be appreciated.

If you have any questions or wish to discuss your account with one of our courteous and friendly representatives, please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

ladis

202.1480

PLAINTIFF'S
EXHIBIT
A
ALL-STATE LEGAL®



# Pentagroup Financial, LLC

5959 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free: (800) 997-5339
Houston Local: (832) 615-2281

AUGUST   27TH, 2010

40229



S \*\*\*\*\*AUTO\*\*MIXED AADC 350
26012-270/15047041080701947/1842    202        4
RICHARD M ODEITUS

HORSHAM, PA 19044-2445

40229

| RE: | Current Creditor: | CACH, LLC |
|---|---|---|
| | Original Creditor: | WAMU/PROVIDIAN BANK |
| | Current Balance Due: | $6,373.39 |
| | Current Account No.: | J1947 |
| | Original Account No.: | 3642 |

Dear RICHARD M ODEITUS:

We have not received a response to our previous notice requesting full payment of the above referenced account. We must assume more firm and direct collection action will be required to collect this past due obligation. You can avoid further collection action by mailing the full balance to our office.

Please remit the entire balance due to our office.

If you have any questions or wish to discuss your account with one of our representatives please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

plc2

202.1842





# Pentagroup Financial, LLC

5959 Corporate Drive, Suite 1400
Houston, Texas 77036
Toll Free: (800) 997-5339
Houston Local: (832) 615-2281

SEPTEMBER 30TH, 2010

BC309



S *****AUTO**MIXED AADC 350
26366-300/15047041080701947/1842   202
RICHARD M ODEITUS

HORSHAM, PA 19044-2445          40338

RE:   Current Creditor:        CACH, LLC
      Original Creditor:       WAMU/PROVIDIAN BANK
      Current Balance Due:     $6,373.39
      Current Account No.:     1947
      Original Account No.:    3642

Dear RICHARD M ODEITUS:

We have not received a response to our previous notice requesting full payment of the above referenced account. We must assume more firm and direct collection action will be required to collect this past due obligation. You can avoid further collection action by mailing the full balance to our office.

Please remit the entire balance due to our office.

If you have any questions or wish to discuss your account with one of our representatives please call us at the toll free number listed above.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This is a communication from a debt collector.



nfc2

202.1842